**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NAPOLEON VILLACORTE GALANG; et al.,

Petitioners,

v.

ERIC H. HOLDER, Jr. Attorney General,

Respondent.

No. 07-74133

Agency Nos. A077-149-639
A079-145-348
A098-931-022
A098-931-023

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Napoleon Villacorte Galang and his family, natives and citizens of the

Philippines, petition for review of the Board of Immigration Appeals' ("BIA")

dismissal of an immigration judge's ("IJ") decision denying their application for

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence findings of fact, *Shrestha v. Holder,* 590 F.3d 1034, 1039 (9th Cir. 2010) and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

Galang admitted that he entered into a fraudulent marriage in order to obtain immigration benefits. In light of this fraud, and Galang's failure to corroborate his claim that he was a government informant in the United States, substantial evidence supports the agency's adverse credibility finding. *See Shrestha*, 590 F.3d at 1040-44 (adverse credibility determination was reasonable "[i]n the totality of circumstances"); *see also Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009) ("[t]he highly deferential standard of review compels us to let stand the BIA's determination that petitioner's corroboration was insufficient."). Finally, we reject Galang's contention that the IJ's actions during the merits hearing deprived him of a full and fair hearing. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail in due process claim). Accordingly Galang's withholding of removal claim fails.

We lack jurisdiction to review Galang's contentions regarding the denial of his asylum claim because he failed to exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**